[No. 10120.    Department One.    October 7, 1912.]

JOHN DOUGHERTY, *by his Guardian etc., Respondent*, v.
C. H. SOLL, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS. Upon a trial *do novo* in the supreme court, findings upon conflicting evidence will be set aside where the supreme court is convinced that the evidence preponderates in favor of the appellant and undisputed circumstances support his witnesses.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered October 30, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for malpractice. Reversed.

*C. H. Graves* and *Hathaway & Alston*, for appellant.

*Edgar C. Snyder*, for respondent.

CROW, J.—This action was commenced by Kate M. Dougherty, guardian *ad litem* for John Dougherty, her minor son, against C. H. Soll, a physician and surgeon, to recover damages resulting from malpractice. The cause was tried without a jury, and findings were made upon which judg-

[1]Reported in 126 Pac. 924.

ment was entered in plaintiff's favor. The defendant has appealed.

The complaint alleged that, on June 25, 1909, the respondent John Dougherty, then a minor about seventeen years of age, accidentally cut his left knee with an axe, and severed his patella or knee cap; that appellant, whom he employed as a physician and surgeon, did not discover the fact that the patella had been severed or injured; that he permitted it to remain in that condition without proper treatment; that a surgical operation became necessary and was finally performed on October 22, 1909, by a Seattle surgeon; that, as a result of appellant's failure to properly diagnose and treat the injury, respondent has been permanently crippled, and that appellant was guilty of malpractice. It is conceded that respondent's knee was cut by the axe on June 25, 1909; that appellant treated him; that he did not treat him for a severed or broken patella; and that on October 22, 1909, respondent did have a broken patella upon which a Seattle surgeon performed an operation.

The evidence shows that, about two weeks after respondent's injury, he began to walk without the aid of a cane or crutch; that on several occasions he was seen walking some distance from his home with a natural gait except that he limped slightly; that about August 23, 1909, he walked a quarter of a mile or more from his home over a country road to the house of a friend where he attended a party; that appellant saw him there; that respondent then told appellant he was "feeling fine"; that two days later respondent had a fall in which his knee was again injured; that after the second injury, he again called upon appellant who had not treated him for several weeks; that his knee was then swollen; that appellant applied remedies to reduce the swelling preliminary to further treatment; that after appellant had twice treated respondent for the second accident, respondent told appellant he was about to go to Seattle to attend school, and that he would consult a physician and surgeon there;

that appellant gave him a letter containing a history of the
case; that respondent went to Seattle about September 2,
1909, where he called upon the Seattle surgeon, who at first
gave him some simple treatment; that at the second consul-
tation the Seattle surgeon decided the patella was fractured
and would require an operation, and that he did operate on
October 22, 1909.

Appellant insists that the patella was not severed or
broken at the date of the first accident; that the fracture
was caused by the second accident; that his treatment after
such accident was skillful and proper; and that respondent
is not entitled to any recovery. It seems to us that the vital
question now before us is whether the patella was broken by
the first or second accident. The trial judge found that it
was severed by the stroke of the axe in June, 1909, a fact
that appellant should have then discovered, but did not dis-
cover; that appellant failed to treat respondent skillfully
and properly, and that he should respond in damages for
malpractice. Ordinarily we are not inclined to disturb find-
ings of a trial judge which have been made upon conflicting
evidence. Yet this case is before us for trial *de novo*, and
should we conclude that the evidence does not sustain the
findings, it is our duty to make our own findings and direct
the proper judgment.

We have examined the record with much care. It must be
admitted that the evidence is conflicting, but we are con-
vinced that it preponderates in favor of findings we now
make, to the effect that the patella was not severed by the
first accident; that appellant's treatment of the injury then
sustained was skillful, proper, and successful; that under
such treatment the respondent had well progressed towards
a perfect recovery; that the patella was fractured by the
second accident; and that at no time has appellant been
guilty of negligence, unskillfulness or malpractice. We can-
not enter upon a detailed discussion of the evidence, but will
state that undisputed circumstances support these findings,

which are also supported by the evidence of a number of skillful surgeons, as well as other witnesses not experts.

The judgment is reversed, and the cause remanded with instructions to dismiss.

MOUNT, C. J., PARKER, CHADWICK, and GOSE, JJ., concur.